**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**ADAM FARAG,**

      Petitioner,

v.                                                                          Civil Action No. **3:26cv62 (RCY)**

**JEFFREY CRAWFORD,**

      Respondent.

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Adam Farag's Emergency Motion to Confirm Jurisdiction, Prohibit Transfer, and for Expedited Ruling ("Emergency Motion," ECF No. 9). Therein, Petitioner represents that he has been transferred from the Farmville ICE Detention Center in the Eastern District of Virginia, where he was detained at the time he filed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition"), to an ICE detention center in Louisiana. Petitioner asks the Court to issue an order confirming that the Court retains jurisdiction to rule on his pending § 2241 Petition, to enjoin further transfers of Petitioner pending the Court's ruling, and to expedite the Court's consideration of Petitioner's § 2241 Petition. For the reasons set forth below, the Court GRANTS the Motion.

**I. PROCEDURAL HISTORY**

Petitioner filed his § 2241 Petition on January 23, 2026. Pet., ECF No. 1. Respondent filed an Opposition to the § 2241 Petition on February 25, 2026, ECF No. 4, and Petitioner filed a Reply the next day, on February 26, 2026, ECF No. 6. On April 22, 2026, Petitioner filed the instant Motion informing the Court of his transfer out of the Eastern District of Virginia and seeking expedited disposition of the fully briefed Petition. Em. Mot., ECF No. 9.

## II.  ANALYSIS

### A.  Jurisdiction Notwithstanding Transfer

Petitioner first seeks confirmation from the Court that it retains jurisdiction over Petitioner and his § 2241 Petition, notwithstanding the fact that Petitioner has been transferred out of the Eastern District of Virginia.  The Court is happy to oblige.

Jurisdiction[1] in habeas cases attaches when a § 2241 petition is filed.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (finding that the proper § 2241 respondent generally is the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge"); *Kanai v. McHugh*, 638 F.3d 251, 255 (4th Cir. 2011) ("When a petitioner is physically detained, the custodian generally is the warden of the facility where the petitioner is confined.  A habeas petitioner who is physically confined must name this 'immediate custodian' as the habeas respondent, and must *file* the habeas petition in the 'district of confinement.'" (internal citations omitted)).

"[W]hen the Government moves a habeas petitioner after []he properly files a petition naming h[is] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441; *see also Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) ("[T]he government's post-filing transfer of a § 2241 petitioner out of the court's territorial jurisdiction does not strip the court of jurisdiction over the petition.").  "If a prisoner is transferred during the course of litigation, 'habeas jurisdiction as a general matter

---

[1] "[T]he term 'jurisdiction,' as used in the [§ 2241] habeas statute, is distinct from 'the sense of subject-matter jurisdiction of the District Court.'" *United States v. Poole*, 531 F.3d 263, 270 n.12 (4th Cir. 2008) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 434 n.7 (2004)).  Regardless of whether the phrase "jurisdiction" in the § 2241 habeas statute "is better understood as a requirement of personal jurisdiction over a habeas respondent . . . or as a venue provision prescribing the particular location for the filing of a habeas petition . . . neither of these types of requirements addresses the subject-matter jurisdiction of the district courts." *Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011); *see also Moore v. Olson*, 368 F.3d 757, 759–60 (7th Cir. 2004).

continues to be in the district where the prisoner was incarcerated at the time the habeas petition was filed.'" *Simpson v. Ashcroft*, 321 F. Supp. 2d 13, 15 (D.D.C. 2004) (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 n.1 (D.C. Cir. 1998)).

On January 23, 2026, when the Petition was filed, Mr. Farag was in custody at ICE's Farmville Detention Center in Farmville, Virginia, which is within the Eastern District of Virginia. Pet. 2, ECF No. 1. The Government then moved him—without notice to this Court, despite the pending and fully briefed Petition—to an ICE detention center in Louisiana. Em. Mot. 1, ECF No. 9. Mr. Farag's transfer "does not strip the court of jurisdiction over the [P]etition." *Anariba*, 17 F.4th at 446. Because Mr. Farag properly filed the § 2241 Petition naming his immediate custodian at the time the § 2241 Petition was filed, this Court retains jurisdiction. *See Rumsfeld*, 542 U.S. at 441.

## B. Further Transfer Prohibited

Petitioner asks this Court for an Order prohibiting the Government from transferring Petitioner again, pending this Court's ruling on the § 2241 Petition. Again, the Court finds this relief to be appropriate in light of the Government having already once moved Petitioner despite its awareness of the pending § 2241 Petition (as evidenced by the Opposition brief filed on February 25, 2026).

District courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). A court "has the inherent authority and responsibility to protect the integrity of its proceedings which [are] undoubtedly impacted" when a habeas petitioner is transferred to a detention facility outside of the district. *Ozturk v. Trump*, 779 F. Supp. 3d 462, 496 (D. Vt. 2025), *aff'd in relevant part sub nom. Ozturk v. Hyde*, 136 F.4th 382, 394 (2d Cir. 2025). Under this inherent authority, a court may order injunctive relief prohibiting the government from transferring a petitioner while habeas

3

corpus proceedings are ongoing. *E.g.*, *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 U.S. Dist. LEXIS 183943, 2025 WL 2677125, at *8–9 (N.D. Cal. Sept. 18, 2025); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 U.S. Dist. LEXIS 163056, 2025 WL 2419263, at *6–7 (N.D. Cal. Aug. 21, 2025). Section 1231(g) of the Immigration and Nationality Act (INA) does not trump courts' inherent authority. *See Hyde*, 136 F.4th at 395–96; *see also Reyna ex rel Vega Reyna v. Hott*, 921 F.3d 204, 209 (4th Cir. 2019) (rejecting the argument that courts are stripped of jurisdiction to review immigration detainee transfer decisions).

Accordingly, based on its inherent authority to protect the integrity of its proceedings, the Court will order that Petitioner not be transferred again without this Court's permission until the Court has ruled on the § 2241 Petition.

## C. Expedited Ruling

Finally, Petitioner asks that the Court expedite its decision on his pending § 2241 Petition. The Court has reviewed the submissions before it and believes that further factual development is necessary before it can issue a final decision on the § 2241 Petition. Accordingly, in lieu of holding an evidentiary hearing, the Court will order the Government to file a statement under penalty of perjury addressing (1) the current third-country removal process, and (2) where in that process ICE stands, with respect to Petitioner. Upon receipt of such information, the Court will be positioned to rule on the pending § 2241 Petition.

### III. CONCLUSION

Based on the foregoing, the Court will grant the Emergency Motion. An appropriate Order will issue, articulating in detail the Court's directives.

Date: <u>April 27, 2026</u>
Richmond, Virginia

_____ /s/

Roderick C. Young
United States District Judge

4