**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**ADAM FARAG,**

      Petitioner,

v.                              Civil Action No. **3:26cv62 (RCY)**

**JEFFREY CRAWFORD,**

      Respondent.

**ORDER**

This matter is before the Court on Petitioner Adam Farag's Emergency Motion to Confirm Jurisdiction, Prohibit Transfer, and for Expedited Ruling ("Emergency Motion," ECF No. 9). In accordance with the accompanying Memorandum Opinion, the Court GRANTS the Motion (ECF No. 9). Specifically, the Court FINDS that it retains jurisdiction over Petitioner's pending Petition for Writ of Habeas Corpus ("§ 2241 Petition") and ORDERS as follows:

1. Petitioner SHALL NOT to be transferred again, without this Court's permission, until the Court has ruled on the § 2241 Petition; and

2. The Government SHALL file a supplement to its Opposition to the § 2241 Petition within SEVEN (7) days of the entry of this Order and SHALL attach a statement made under penalty of perjury by a person of appropriate knowledge, attesting to the following:

   a. Whether ICE's third-country removal process remains the same as the process identified by the ICE Unit Chief witness and memorialized by the Court in *Banoub v. Crawford*, No. 3:25-cv-917-MHL, ECF No. 21 at 8–10 (E.D. Va. Dec. 23, 2025);

   b. If not, how the current third-country removal process differs; and

   c. Where in its current third-country removal process ICE stands with respect to Petitioner, specifically to include:

      i. The name of the country or countries with which the Department of State is in negotiations regarding Petitioner's removal;

      ii. The amount of time, on average, the Department of State takes to negotiate a removal agreement with the country or countries to which the Department of State is in negotiations;

iii.   The number of total removals the Department of State has effectuated to the country or countries with which the Department of State is in negotiations regarding Petitioner's removal since the beginning of 2025;

iv.   The number of Egyptian citizens removed to any third country pursuant a third country agreement negotiated by the Department of State since the beginning of 2025 (this is not to include self-removals or removals through means other than the removal process currently in place for Petitioner); and

v.   The number of Egyptian citizens removed to the third country or countries to which the Department of State is contemplating removing Petitioner since the beginning of 2025 (again, this is not to include self-removals or removals through means other than the removal process currently in place for Petitioner).

If such information is not available or cannot be publicly disclosed, Respondent must indicate as much.

Let the Clerk file the Memorandum Opinion and this Order electronically and notify all counsel accordingly.

It is so ORDERED.

_____ /s/ _____
Roderick C. Young
United States District Judge

Date: April 27, 2026
Richmond, Virginia

2